PETER PATCHIS *vs.* SUNRAY MILLS, INC.

JUNE 10, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

210

CAPOTOSTO, J. This original petition for compensation was brought under the provisions of the workmen's compensation act, general laws 1938, chapter 300. Following a hearing in the superior court a decree was entered granting the petition and from the entry of that decree the respondent duly prosecuted its appeal to this court.

The evidence in the case is uncontradicted by respondent. It appears of record that in 1940 petitioner worked for the Standard Nut & Bolt Company handling heavy pans of bolts. From that time on he experienced occasional backaches. especially in damp weather. He joined the navy in 1943 and was released therefrom in 1945 with an honorable discharge. On one occasion during that period, while stooping over to pick up something, his back began to ache and he remained in the "sick bay" for about a week.

In the spring of 1949 petitioner began working nights as a "smash piecer" at looms in respondent's mill. On the

night of June 19, 1950 a rapidly-moving shuttle flew out of a loom, struck him in the back with its sharp end, and pierced his clothing to the skin. The shuttle was made of hard fibre with steel points and weighed about one pound. The petitioner testified that after being struck he "seemed to have lost all strength"; that he fell to the floor; and that his "back semed like it was paralyzed * * *." However, notwithstanding the pain in his back, he resumed work after a short rest.

Since the pain in the affected region persisted, petitioner told the foreman he was going to see a doctor. He thereupon reported to his own doctor. Thereafter he worked steadily for about a year, first as a "smash piecer" and later as a spare loom fixer, a job which involved very heavy lifting. During such period the pain in his back increased to the extent that by June 1951 he was unable to do any kind of work. In September he was admitted to the Veterans Hospital in the city of Providence and in October he was operated on for a ruptured intervertebral disc by Dr. Samuel Spadea, chief orthopedic surgeon.

Doctor Spadea, who was called by petitioner, was the only medical witness in the case. He testified from recollection. His testimony may be divided generally into two parts: first, positive statements concerning the operation for the removal of the ruptured disc; and second, a medical opinion as to the cause of that condition. In opposing petitioner's claim that his ultimate physical disability was attributable to the shuttle incident and the heavy work thereafter performed by him, respondent offered no direct testimony but sought to establish, solely through cross-examination, that petitioner's condition was due to causes not connected with such employment.

On the question of causal connection Dr. Spadea testified in substance that in his opinion petitioner's "ruptured disc began sometime just prior to when he was admitted" to the hospital, and that the injury he suffered when he was struck

by the shuttle "could be a predisposing factor * * * causing what we call subsequent sprain to the posterior ligament making that ligament much weaker. From that time on the disc did rupture." In answer to the question: "And would that come about by a series of heavy liftings?" he replied: "I feel very much that that is the reason for it."

The respondent's main contention is directed to the third finding of fact in the decree which reads as follows: "Said ruptured disc was directly caused by heavy lifting in the course of his employment for respondent just prior to June 14, 1951." Admitting our settled rule that in this class of cases we may not disturb a finding of fact by the trial justice if it is supported by legal evidence, yet in claiming error in the quoted finding respondent in effect urges us to weigh the evidence. For instance, it is argued that Dr. Spadea's testimony as to causal connection is "vague and uncertain"; that it "is not of sufficient probative value to be the basis for the finding that the ruptured disc was directly caused by heavy lifting just prior to June 14, 1951"; and that "with the history of back pain in the same general area for a period of 11 years prior to disability and with a history of lifting weights of 100 pounds, beginning in 1940 it does not seem that the period 'just prior to June 14, 1951' can be singled out as the date of the accident."

The respondent does not now agree with the opinion of Dr. Spadea, but at the time of trial it saw fit to allow his testimony to stand without contradiction. We see no reason why in the circumstances the trial justice was legally bound to reject the undisputed testimony of the only medical witness in the case. Since the finding in question was based on legal evidence, the contention under discussion is without merit.

The respondent further contends that the decree appealed from allowed the petition to be amended by adding the words "just prior to June 14, 1951" to the statement therein relating to petitioner's disability. This claim of error, not

having been raised on the record in the superior court or set forth as a specific ground of appeal in the reasons of appeal, is not properly before us. However, it may be noted that the amendment was plainly procedural in character and in no way affected the undisputed evidence in the case to the prejudice of respondent.

All the other reasons of appeal briefed or argued and not hereinbefore specifically discussed have been considered and found to be without merit.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Raymond F. Henderson,* for petitioner.

*Charles H. Anderson,* for respondent.